IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10536
Summary Calendar
_____

CHRISTOPHER COWAN,

Plaintiff-Appellant,

versus

JAIME QUINTANILLA; PAUL COMPTON,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-166
- - - - - - - - - -
November 12, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Cowan, Texas prisoner # 403565, challenges the
district court's dismissal of his civil rights suit pursuant to
Heck v. Humphrey, 512 U.S. 477 (1994).  Cowan alleged that his
due process rights were violated because he was denied the right
to present certain evidence and witnesses on his behalf at
several hearings and on one occasion, he pleaded not guilty to
the disciplinary charge, but the hearing officer recorded that he
had pleaded guilty.  Favorable determination of these claims
would necessarily imply the invalidity of the challenged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disciplinary hearing.  Cowan has not shown that these disciplinary hearings have been called into question by a state or federal court, or otherwise invalidated.  Accordingly, his claim for monetary damages for these alleged due process violations are not cognizable under § 1983.  See Heck, 512 U.S. at 487; Edwards v. Balisok, 117 S. Ct. 1584, 1586 (1997).

Furthermore, Cowan's claims of inadequate reasons for excluding his evidence or for the punishment imposed in violation of prison rules are not cognizable under § 1983.  Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).  The district court's judgment concerning these claims is affirmed on that basis.  See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

AFFIRMED.